F I L E D
Clerk
District Court

SEP 28 2026

for the Northern Mariana Islands
By____________________
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

TAO LIU,

Petitioner,

v.

SERGIO ALBARRAN, Field Office Director, San Francisco Field Office, Immigration and Customs Enforcement;
DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, U.S. Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

Respondents.

Case No. 1:26-cv-00020

**DECISION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Tao Liu's Petition for Writ of Habeas Corpus (ECF No. 1), filed September 15, 2026, in which he names the Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the U.S. Secretary of Homeland Security, the U.S. Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. Liu alleges that the Immigration Judge's ("IJ") decision that she did not have jurisdiction to consider bond for Liu was incorrect and that his detention is unlawful because he is subject to discretionary detention under 8 U.S.C.

§ 1226(a) and its implementing regulations—which allow for release on bond or probation—and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Pet. 2, ECF No. 1.) Liu accordingly seeks a writ of habeas corpus that, *inter alia*, declares that Respondents' detention of him is unlawful and orders Respondents "to either release Petitioner, or promptly afford an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released." (*Id.* at 8 (prayer for relief).)

As a preliminary matter, the Court finds that decision on the papers, without need for a hearing, is appropriate. *See* LR 7.1(a)(2). For the reasons set forth below, the Court GRANTS Liu's Petition because he is subject to discretionary detention under 8 U.S.C. § 1226(a), and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Accordingly, the Court VACATES the hearing set for September 29, 2026, and DENIES all pending motions as MOOT.

## I. BACKGROUND

Liu is a national of the People's Republic of China who is currently detained, and has been detained since August 28, 2026, at the CNMI-DOC under the physical custody of Respondents. (Pet. ¶ 1; *see also* Resp. of Resp't Anthony Torres 1 (indicating that Liu is detained at the CNMI-DOC under ICE custody pursuant to agreement between federal government and CNMI-DOC), ECF No. 6.) Liu first entered the CNMI in March 2017 as a parolee under the CNMI-only parole program, and remained in the CNMI after expiration of his parole in March 2017. (Pet. ¶¶ 11, 17–19; US' Opp'n 7, ECF No. 7.) Almost a decade later, on or around July 18, 2026, the DHS filed a Notice to Appear ("NTA") with the Immigration Court, placing Liu into immigration removal proceedings and setting a hearing for August 18, 2026. (Ex. A (NTA) 1, ECF No. 7-1.) The NTA was served on Liu by mail. (*Id.* 3.) On August 28, 2026, ICE arrested Liu and detained him at CNMI-DOC. (Pet. ¶ 21.) At a September 15, 2026 hearing, the IJ denied bond on the

ground that she did not have jurisdiction to hear the bond claim because Liu "is an arriving alien." (Ex. C (IJ Order), ECF No. 7-3.) According to the record before the Court, Liu has not yet filed an application for relief from removal but "intends to seek relief from removal in the form of withholding of removal and/or relief under [the Convention Against Torture] (CAT)[.]" (Pet. ¶ 26.)

Liu filed the instant Petition on September 15, 2026. The following day, the Court issued an order directing Respondents to show cause why Liu's Petition should not be granted. (Order to Show Cause, ECF No. 2.) Respondent Torres filed his response on September 22, 2026, in which he indicated that he "takes no legal position" on the legal issues presented in Liu's Petition. (Resp. of Resp't Anthony Torres 1, ECF No. 6.) The same day, all other Respondents (the "Federal Respondents") jointly filed a single Opposition (ECF No. 7), accompanied by three exhibits (ECF Nos. 7-1–7-3) consisting of the NTA served on Liu on July 15, 2026; Form I-261, Additional Charges of Inadmissibility/Deportability; and the Order of the Immigration Judge regarding bond jurisdiction, issued on September 14, 2026. Liu filed a timely Reply. (ECF No. 8.)

## II. LEGAL STANDARD

Liu seeks a writ of habeas corpus. "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions[,]" 28 U.S.C. § 2241(a), where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" *id.* § 2241(c)(3). *See also Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks omitted)). Liu, as the petitioner, bears "the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require," and "shall forthwith award the writ . . . , unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## III. DISCUSSION

As the Parties recognize (*see* Pet. ¶¶ 6, 55; US' Opp'n 6 n.1, 8–9 n. 2; Reply 1, ECF No. 8), Liu's Petition raises legal issues that the Court has previously addressed in disposing of similar petitions for writs of habeas corpus. The Federal Respondents argue that Liu maintains his "arriving alien" status because he was paroled under the CNMI-only parole program. (US' Opp'n 11 (citing 8 C.F.R. §§ 1.2, 1001.1(q)).) They rely on *Jennings v. Rodriguez* to argue that "aliens seeking admission and applicants for admission [are] virtually indistinguishable[,]" such that all applicants for admission are subject to mandatory detention under section 1225(b)(2)(A). (*See* US' Opp'n 10–11.) Liu, in a terse reply, maintains that the Court's previous rulings should stand, especially in light of recent Ninth Circuit case law, *see Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) issued on July 30, 2026, which the Federal Respondents failed to address at all in their Opposition. (Reply 1–2.)

As the Court has previously decided in similar cases, the Court has jurisdiction to consider the petition because Liu's challenge to his detention did not arise from the three actions set forth in the jurisdiction-stripping provisions of 8 U.S.C. § 1252(b)(9) or (g).[1] (*See Li v. Albarran*, No. 1:26-cv-00011, ECF No. 17, at 3, 2026 WL 1697872, at *2–4 (D.N. Mar. I. June 12, 2026).) Further, the applicable provision governing Liu's detention was 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), because

---

[1] The Federal Respondents argue that the Court does not have jurisdiction to consider Liu's Petition because he did not exhaust his administrative remedies. (US' Opp'n 14 n.5.) In particular, they argue that Liu must raise his claim before the IJ, then the Board of Immigration Appeals, and then a review before the Ninth Circuit, or show that such exhaustion would be futile. (*Id.*) This argument ignores Liu's argument in the Petition, showing that any appeal to the Board would be futile, considering the Board's precedential case law. (Pet. ¶¶ 55–56 ("[F]or those [aliens] who applied for bond to an immigration judge, their applications were ultimately summarily denied based on [*Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025)], with the immigration judge holding that he or she did not have jurisdiction. Absent a precedential decision from the Ninth Circuit that specifically addresses overstaying parolees like Mr. Liu, an appeal to the BIA would be futile[.]").) Similar to its findings in other similar cases, the Court finds it has jurisdiction over this Petition. (*See, e.g.*, *Li*, ECF No. 17, at 6, 2026 WL 1697872, at *3.)

he was not "seeking admission" at the time of his arrest. (*Li*, 2026 WL 1697872, at *4–7.) Critically, the Ninth Circuit has recently held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vasquez*, 183 F.4th at 1165. In concluding so, the Ninth Circuit rejected the same arguments the Federal Respondents raised here concerning the correct interpretation of 8 U.S.C. §§ 1225 and 1226. *See id.* at 1173 (noting that, "absent anything further," 8 U.S.C. § 1226(a) applied to inadmissible and deportable aliens present in the United States); *id.* at 1173–80 (construing 8 U.S.C. § 1225(b)(2)(A) as applying to aliens seeking to enter the United States at the border and rejecting interpretation of "applicant for admission" as applying to all aliens present in the United States without admission).

The Federal Respondents do not distinguish Liu's Petition from any other decisions this Court has issued addressing different facets of this bond issue or *Rodriguez Vasquez*. In fact, the Federal Respondents "maintain[ their] position here and incorporate[] by reference [their] response (ECF No. 11)" in *Li*. (US' Opp'n 9.) Without a distinction as to what makes this case different, the Court is not persuaded by the Federal Respondents' "respectful effort to persuade this Court to reconsider its conclusions" (*id.*) and depart from its holdings in *Li*, and the numerous other cases this Court has decided since. *See Chi v. Albarran*, No. 1:26-cv-00014, ECF No. 14 at 4-6, 2026 WL 2188283 at *2-3 (D. N. Mar. I. July 29, 2026) (decision and order granting petition for writ of habeas corpus); *Huang v. Albarran*, No. 1:26-cv-00013, ECF No. 14, at 5-6, 2026 WL 2188288, at *2-3 (D. N. Mar. I. July 29, 2026) (decision and order granting petition for writ of habeas corpus); *Guo v. Albarran*, No. 1:26-cv-00016, ECF No. 10, at 8–9, 2026 WL 2323851, at *4–5 (D.N. Mar. I. Aug. 12, 2026) (decision and order granting petition for writ of habeas corpus). As such, the applicable provision governing Liu's detention is 8 U.S.C. § 1226(a). Applying the appropriate section, this Court concludes Liu is entitled to a bond hearing before an IJ. *See* 8 U.S.C. § 1226(a); *Li*, 2026 WL 1697872, at *7.

As such, for the same reasons as set forth in *Li*, as confirmed by the reasoning of *Rodriguez Vazquez*, the Court finds that:

(1) The Court has jurisdiction to entertain Liu's Petition;

(2) The applicable provision governing Liu's detention is 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), as Liu is not an alien "seeking admission"; and

(3) As 8 U.S.C. § 1226(a) applies, Liu is entitled to a bond hearing before an immigration judge.

## IV. CONCLUSION

Petitioner Liu has met his burden to show that his continued detention without a bond hearing is unlawful. Accordingly,

(1) Liu's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

(2) Respondents shall, pursuant to 8 U.S.C. § 1226(a), arrange for an individualized bond hearing to take place before a neutral immigration judge within fourteen days of issuance of this order, at which the Government bears the burden of establishing by clear and convincing evidence that Liu is a danger to the community or a flight risk if released;

(3) Should no such hearing occur within fourteen days of issuance of this order, Respondents shall release Liu from custody;

(4) Respondents shall file a status report by **October 16, 2026**, notifying the Court about whether the bond hearing is held, the determination on bond, and Liu's status in custody or on release;

(5) The September 29, 2026, hearing on Liu's Petition for Writ of Habeas Corpus (ECF No. 1) is VACATED;

(6) All pending motions related to the September 29, 2026, hearing (ECF Nos. 6, 9) are DENIED as MOOT; and

(7) The Clerk is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED this 28th day of September, 2026.

RAMONA V. MANGLONA
Chief Judge